Robert E. Diaz Formal Opinion General Counsel No. 95-F9 The City University of New York 535 East 80th Street New York, New York 10021
Dear Mr. Diaz:
You have asked us to address whether Election Law § 5-211, effective January 1, 1995, which requires the City University of New York (CUNY), among other agencies, to administer a program of distribution of voter registration forms, prohibits the University from providing assistance in the completion of the forms and transmission of completed forms to the Board of Elections. We conclude that Election Law § 5-211 does not prohibit CUNY from engaging in the provision of appropriate assistance and transmission activities.
Election Law § 5-211 as recently amended provides for the participation by various named state agencies in distribution of voter registration forms, assistance in the completion of the forms, and transmission of completed forms to the Board of Elections. The statute was amended in an effort to bring State voter registration practices in compliance with the Federal "Motor Voter" Registration Act of 1993. The Federal statute directs that
 "(2) Each State shall designate as voter registration agencies —
 (A) All offices in the State that provide public assistance; and
 (B) All offices in the State that provide State-funded programs primarily engaged in providing services to persons with disabilities."
42 U.S.C. § 1973gg-5(a)(2). In addition to the agencies designated above, the Federal statute directs that "each State shall designate other offices within the State as voter registration agencies . . ." which may include "State or local government offices" and "Federal and nongovernmental offices, with the agreement of such offices."42 U.S.C. § 1973gg-5(a)(3). The statute directs that the following services be made available at each designated voter registration agency:
 "(i) Distribution of mail voter registration application forms . . .
 (ii) Assistance to applicants in completing voter registration application forms, unless the applicant refuses such assistance.
(iii) Acceptance of completed voter
registration application forms for
 transmittal to the appropriate State election official."
42 U.S.C. § 1973gg-5(a)(4).
Election Law § 5-211 was amended, effective January 1, 1995, to implement the Federal statute. In the first paragraph of § 5-211, the Legislature designates participating agencies. The statute lists the Departments of Social Services, Health, and Labor, the Office for the Aging, Division of Veteran Affairs, Office of Mental Health, Office of Vocational and Educational Services for Individuals With Disabilities, Office of Mental Retardation and Developmental Disabilities, Commission for the Blind and Visually Handicapped, Office of Alcoholism and Substance Abuse Services, the Office of the Advocate for the Disabled, and all offices which administer programs established or funded by such agencies, as voter registration agencies. In addition, the Legislature named as "additional state agencies designated as voter registration offices" the Department of State and the Division of Worker's Compensation. Finally, § 5-211 states:
 "All institutions of the state university of New York and the city university of New York, shall, at the beginning of the school year, and again in January or February of a year in which the president of the United States is to be elected, provide an application for registration to each student in each such institution."
Election Law § 5-211. The remaining provisions in § 5-211 roughly track the Federal statute with respect to the manner in which participating agencies will distribute registration forms, provide assistance in completion of the forms, and transmit completed forms to the State Board of Elections. Regarding assistance, the statute provides:
 "5. Employees of a voter registration agency who provide voter registration assistance shall not:
 (a) seek to influence an applicant's political preference or party designation;
 (b) display any political preference or party allegiance;
 (c) make any statement to an applicant or take any action the purpose or effect of which is to discourage the applicant from registering to vote; or
 (d) make any statement to an applicant or take any action the purpose or effect of which is to lead the applicant to believe that a decision to register or not to register has any bearing on the availability of services or benefits."
Id., § 5-211(5).
As set forth above, CUNY is not designated as a voter registration agency in the statute. Furthermore, the statute gives specific instructions on distribution of registration forms which are applicable only to CUNY and the State University of New York (SUNY). Therefore, it is clear that, other than the distribution of registration forms specifically described in the statute, Election Law § 5-211 does not mandate that CUNY provide additional distribution services, or any assistance or transmission services, which the designated participating agencies are required to provide. The question remains, however, whether, in the absence of a statutory mandate, CUNY is prohibited from providing additional distribution services, or assistance and transmission services.
A review of the legislative history of Election Law § 5-211
demonstrates that, although the Legislature declined to mandate greater participation in voter registration on the part of CUNY and SUNY, it hoped that CUNY and SUNY would elect to participate in voter registration on a level greater than that required by the statute. The Assembly memorandum in support of the legislation states that beyond the distribution mandate in the statute, SUNY and CUNY can collect and transmit voter registration forms to the Board of Elections. Bill Jacket, L 1994, ch 659, Assembly Mem, at 1-2. Furthermore, in the debates accompanying passage of the legislation in both the Senate and the Assembly, legislators clarified that nothing in the law prevents SUNY or CUNY from establishing their own system for assisting students in completing the forms and collecting and transmitting the forms to the Board of Elections. Senate Debates, NY Senate Bill No 8867, July 2, 1994 (statements of Senators Connor and Nozzolio), at 7692-7693; Assembly Debates, N Y Senate-Assembly Bill S 8867/A 12221, July 2, 1994 (statements of Mr. Sanders, Ms. Pheffer and Mr. Sullivan), at 279-281. A decision was made, however, that SUNY and CUNY would not be mandated to provide assistance and collect and transmit registration forms. Id. Thus, it is clear that the Legislature did not intend to prohibit CUNY from developing and implementing more comprehensive voter registration programs.
Furthermore, such greater participation is not prohibited by any other provisions of the Election Law or the New York State Constitution. On November 7, 1995, the electorate approved amendment of Article II, the suffrage provision of the New York State Constitution, and that amendment will be effective January 1, 1996. Of particular relevance to your inquiry is the amendment of Article II, § 8 which formerly required that all boards or officers charged with the duty of registering voters be bi-partisan. Now, instead of requiring that registering bodies be bi-partisan, the Constitution requires only that qualifying bodies be bi-partisan, thus clearing the way for State agencies to participate actively in the voter registration process.[1]
The amendment to the Constitution, to allow state agencies and other entities to collect and transmit completed registration forms, was made necessary by the Court of Appeals decision in Clark v Cuomo, 66 N.Y.2d 185
(1985). In Clark v Cuomo, the Court of Appeals upheld so much of an Executive Order which established a voter registration program which required State agencies to distribute voter registration forms and provide assistance in the completion of the forms. That part of the order that gave State agencies the authority to collect the completed forms was rendered invalid on the grounds that collection of completed forms too closely approximated registration, which was then constitutionally required to be handled by a bi-partisan board. See, N Y Const, Art II, former § 8. Because the Constitution has been amended so that registration need no longer be conducted by a bi-partisan body, it is clear that collection of completed registration forms by State agencies and transmission of those forms to the Board of Elections is no longer prohibited. Therefore, to the extent that the holding in Clark limited CUNY registration activity (i.e. collection of completed forms), the amendments to Election Law § 5-211 and the State Constitution have removed that limitation.
Based on the foregoing, we conclude that while CUNY has not been designated as a participating agency, and is not required to conduct registration activities beyond the distribution of voter registration forms specifically mandated in the first paragraph of Election Law §5-211, CUNY is not prohibited from implementing a more comprehensive voter registration program, including providing assistance in completion of forms and collecting and transmitting completed forms to the Board of Elections.
Sincerely,
DENNIS C. VACCO
Attorney General
[1] Without the amendment, separate registration procedures might have applied to Federal offices under the National Voters Registration Act, a system which would be unmanageable. Assembly memorandum in support of A-4958, concurrent resolution to amend the Constitution. The amendment eliminates any doubt that the Legislature can conform State law to the provisions of the National Voters Registration Act. Id.